MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
Esther K. Ro, Bar No. 252203
esther.ro@morganlewis.com
Jahmy S Graham, Bar No. 300880
jahmy.graham@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

ADDITIONAL COUNSEL ON SIGNATURE PAGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED SALAS and GLORIA ORTEGA, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No. 2:15-cv-08629-FMO-E<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Complaint Filed: November 4, 2015<br>FAC Filed: January 7, 2016<br><br>Judge: Hon. Charles F. Eick |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED PROTECTIVE ORDER

DB2/ 30364024.1

# STIPULATED PROTECTIVE ORDER

Plaintiffs Alfred Salas and Gloria Ortega, and Defendant Toyota Motor Sales, U.S.A, Inc. ("Toyota") (collectively, "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Protective Order ("Order") as follows:

1. **PURPOSES AND LIMITATIONS.** Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Order shall govern for pre-trial purposes the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party in connection with the Action (this information hereinafter referred to as "Discovery Material"). All references to "Receiving Party" and "Producing Party" throughout this Order are intended to include non-parties. The Parties further acknowledge that they will maintain the confidentiality of Covered Information (defined below), including filing such information under seal pursuant to Civil Local Rule 79-5.

2. **GOOD CAUSE STATEMENT.** This action is likely to involve trade secrets, customer lists and other valuable research, development, commercial, financial, technical, pricing, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 30364024.1

1     STIPULATED PROTECTIVE ORDER

1 and information consist of, among other things, confidential business or financial
2 information, information regarding confidential business practices, or other
3 confidential research, development, or commercial information (including
4 information implicating privacy rights of third parties), information otherwise
5 generally unavailable to the public, or which may be privileged or otherwise
6 protected from disclosure under state or federal statutes, court rules, case decisions,
7 or common law. Accordingly, to expedite the flow of information, to facilitate the
8 prompt resolution of disputes over confidentiality of discovery materials, to
9 adequately protect information the parties are entitled to keep confidential, to
10 ensure that the Parties are permitted reasonable necessary uses of such material in
11 preparation for and in the conduct of trial, to address their handling at the end of the
12 litigation, and serve the ends of justice, a protective order for such information is
13 justified in this matter. It is the intent of the Parties that information will not be
14 designated as confidential for tactical reasons and that nothing be so designated
15 without a good faith belief that it has been maintained in a confidential, non-public
16 manner, and there is good cause why it should not be part of the public record of
17 this case.

18 **3. DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR**
19 **"HIGHLY CONFIDENTIAL."** Any Producing Party may designate Discovery
20 Material as "Confidential" or "Highly Confidential" under the terms of this Order if
21 the Producing Party in good faith reasonably believes that such Discovery Material
22 contains non-public, confidential, personal, proprietary or commercially sensitive
23 information that requires protections provided in this Order (hereinafter referred to
24 as "Confidential Material" or "Highly Confidential Material").

25 **3.1** "Confidential Material." For purposes of this Order, information
26 considered to be Confidential Material includes any information that a Party
27 believes in good faith to be confidential or sensitive non-public information,
28 including, but not limited to, trade secrets, research, design, development, financial,

technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G).

  **3.2** "Highly Confidential Material." For purposes of this Order, Highly Confidential Material shall include extremely sensitive "Confidential Material" and Protected Data (defined below), including, but not limited to, non-public product design and testing information, trade secrets, proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

  **3.3** "Protected Data." For purposes of this Order, Protected Data includes computer code and associated comments, revision histories, formulas or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to a third party would create a substantial risk of serious harm. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

  **3.4** Confidential Material, Highly Confidential Material and Protected Data are collectively defined as "Covered Information."

**4. MARKING OF DOCUMENTS.** The designation of Discovery Material as Confidential Material or Highly Confidential Material or Protected Data for purposes of this Order shall be made in the following manner:

  **4.1** TIFF Documents. In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to all pages in each document containing any Confidential Material or Highly Confidential Material, respectively.

**4.2** Native Documents. With respect to documents or materials containing Covered Information produced in Native Format, the Producing Party shall include the highest level of confidentiality designation in the filename.

**4.3** Designating Depositions. With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "Confidential" or "Highly Confidential" on the record at the deposition, or by serving such designations within 15 days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as Highly Confidential for 15 days following receipt of the transcript.

**4.4** Non-Written Materials. Any non-text Covered Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "Confidential" or "Highly Confidential." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" or "Highly Confidential" consistent with the original designation by the Producing Party.

**5. MATERIALS PREPARED BASED UPON COVERED INFORMATION.** The protections conferred by this Order cover not only Covered Information (as defined above), but also (1) any information copied or extracted from Covered Information; (2) all copies, excerpts, summaries, or compilations of Covered Information; and (3) any testimony, conversations, or presentations by the Parties or their counsel that might reveal Covered Information. All such information shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Order.

**6. NOTICE TO NON-PARTIES.** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten

1 (10) business days, the non-party either request the protection of this Protective
2 Order or notify the issuing Party that the non-party does not need the protection of
3 this Protective Order or wishes to seek different protection.

4 **7. GOOD-FAITH BELIEF.** For purposes of this Order, the Party designating
5 Discovery Material as "Confidential" or "Highly Confidential" (the "Producing
6 Party") bears the burden of establishing the appropriate designation of all such
7 Discovery Material. The designation of any Discovery Material as "Confidential"
8 or "Highly Confidential" pursuant to this Order shall constitute the verification by
9 the Producing Party and its counsel that the material constitutes "Confidential" or
10 "Highly Confidential" as defined above. Blanket designation of documents or
11 information as "Confidential" or "Highly Confidential" without regard to the
12 specific contents of each document or piece of information is prohibited.

13 **8. FAILURE TO DESIGNATE.** The disclosure of and failure to designate
14 Covered Information does not constitute a waiver of such claim and may be
15 remedied by prompt supplemental written notice upon discovery of the disclosure,
16 with the effect that such Covered Information will be subject to the protections of
17 this Order. If at any time prior to the trial of this Action a Party realizes that
18 previously produced Discovery Material should be designated as "Confidential" or
19 "Highly Confidential" the Party may so designate by advising all other Parties in
20 writing and by producing replacement documents or material with the appropriate
21 "Confidential" or "Highly Confidential" designation as described above. The
22 designated documents or material will thereafter be treated as "Confidential" or
23 "Highly Confidential" pursuant to this Order. Upon receipt of such designation in
24 writing and re-production of the material with the "Confidential" or "Highly
25 Confidential" stamp, the Parties and other persons subject to this Order shall take
26 reasonable and appropriate steps to notify any and all recipients of the Discovery
27 Material about the protected status of the newly designated "Confidential" or
28 "Highly Confidential" and to retrieve the newly designated "Confidential" or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 30364024.1

5 STIPULATED PROTECTIVE ORDER

"Highly Confidential" from any person who is not permitted by this Order to have Covered Information.

**9. PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL MATERIAL.** A Receiving Party may use Covered Information that is produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. The Receiving Party may disclose such Covered Information only to the categories of persons and under the conditions described in this Order. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, the Receiving Party may disclose Covered Information to:

**9.1** the Court and its personnel;

**9.2** the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

**9.3** mediators or other individuals engaged or consulted in settlement of all or part of this Action;

**9.4** litigation support services, including outside copying services, court reporters, stenographers, vendors assisting with electronic discovery or trial preparation, professional jury or trial consultants, and mock jurors;

**9.5** the experts of the Receiving Party, provided that (i) the disclosure shall be made only to an individual expert, and any other persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual expert and each of the Designated Expert Personnel is neither a current nor former (within the past year from the date of this Order) employee of any party or entity which directly competes with, or is a customer of or direct seller to, Toyota; and (iv) the terms of Paragraph 16 of this Order are met;

    **9.6**    any person (i) who created, authored, received or reviewed such Covered Information; (ii) is or was a custodian of the Covered Information; (iii) is identified on such Covered Information; or (iv) is or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Covered Information; and

    **9.7**    any other person as may be designated by written agreement by the Producing Party or by order of the Court.

**10.    PERSONS AUTHORIZED TO RECEIVE HIGHLY CONFIDENTIAL MATERIAL.** Except as specifically provided for in this or subsequent Court orders, the Receiving Party may disclose, summarize, describe, or other communicate or make available Highly Confidential Material (including Protected Data) to the persons identified and conditions set forth in Paragraphs 9.1-9.5, and 9.7, and:

    **10.1**    Members of the in-house legal departments for the Parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this action; or

    **10.2**    Any person who (a) created, authored, received or reviewed such Covered Information, (b) is or was a custodian of the Covered Information, or (c) is identified on such Covered Information.

**11.    EXECUTING THE NON-DISCLOSURE AGREEMENT.** Each person to whom Covered Information is disclosed, except the persons identified in 9.1 above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Covered Information. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person.

**12.    CHALLENGING DESIGNATIONS.** A Party objecting to the designation of any material as Confidential, Highly Confidential or Protected Data shall give written notice to the Producing Party. Upon receipt of the written objection, counsel for the Producing Party shall, within seven (7) days, provide a written

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 30364024.1

7    STIPULATED PROTECTIVE ORDER

response to the objecting Party explaining the basis and supporting authority for the designation; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential or Highly Confidential without a Court order. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the objecting Party and the Producing Party cannot resolve their dispute through such meet and confer discussions, within seven (7) days after the parties have reached an impasse after meet and confer efforts, the producing Party shall provide the objecting Party with its opening portion of the joint motion pursuant to Local Rule 37-2. The objecting Party will provide its opposition portion of the joint motion to producing Party within five (5) days. The producing Party will file the joint motion the next business day. The Producing Party has the burden of establishing that the document is entitled to protection. Any material so designated shall remain Confidential, Highly Confidential, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise. In the event the Court rules that the challenged material is not Confidential or Highly Confidential, the Producing Party shall reproduce copies of all materials so designated without any confidentiality label at the Producing Party's expense within ten business days.

**13. SUBPOENA OR COURT ORDER FOR COVERED INFORMATION.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as Covered Information that Party must:

(a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Covered Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

14. **USE OF DISCOVERY MATERIAL.** The Receiving Party shall use the Covered Information solely for purposes of the Litigation, including any appeal. Nothing in this Order shall limit the Producing Party's use of its own information.

15. **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.** Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Covered Information from any deposition where testimony regarding Covered Information or the use of Covered Information is likely to arise.

16. **SECURITY OF COVERED INFORMATION.** Any person in possession of another Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

16.1 Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 30364024.1

9

STIPULATED PROTECTIVE ORDER

data security, including but not limited to application of access control rights to those persons entitled to access Covered Information under this Order;

**16.2** An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;

**16.3** Any Covered Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Covered Information under this Order. If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level.

**16.4** Covered Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Covered Information under this Order; and

**16.5** Summaries of Covered Information, including any lists, memorandum, indices or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information.

**16.6** If the recipient of Covered Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Covered Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 30364024.1

10 STIPULATED PROTECTIVE ORDER

If the Receiving Party discovers a breach of security (including the confirmed or suspected: (i) disclosure or use of Covered Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing Covered Information) relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

17. **FILING COVERED INFORMATION.** The Parties acknowledge that they will maintain the confidentiality of Covered Information. The Parties will comply with applicable law, including Local Rule 79-5.1, when filing documents under seal.

18. **PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION.** This section governs all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client

privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a privileged or protected document has been produced. Upon receiving written notice from the Producing Party that privileged and/or work product material has been produced, all such Information, and all copies thereof, shall be returned to the Producing Party within ten (10) business days of receipt of such notice and the Receiving Party shall not use such information for any purpose. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format. The Producing Party shall promptly provide a log of the privileged and/or work product material that was returned.

The Receiving Party may contest the privilege or work product designation by the Producing Party, and shall give the Producing Party written notice of the reason for said disagreement. The Receiving Party shall, within fifteen (15) business days from the initial notice by the Producing Party, seek an Order from the Court compelling the production of the Information. The Receiving Party, however, may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned in accordance with this paragraph.

Any analyses, memoranda or notes which were internally generated based upon such produced Information shall immediately be placed in sealed envelopes,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 30364024.1

12

STIPULATED PROTECTIVE ORDER

1 and shall be destroyed in the event that (a) the Receiving Party does not contest that
2 the Information is privileged, or (b) the Court rules that the Information is
3 privileged. Such analyses, memoranda or notes may only be removed from the
4 sealed envelopes and returned to its intended purpose in the event that (a) the
5 Producing Party agrees in writing that the Information is not privileged, or (b) the
6 Court rules that the Information is not privileged.

7 Nothing contained herein is intended to or shall serve to limit a Party's right
8 to conduct a review of documents, ESI or information (including metadata) for
9 relevance, responsiveness and/or segregation of privileged and/or protected
10 information before production.

11 **19. FINAL TERMINATION.** Within 60 days after the final termination of this
12 action, including any and all appeals, each Receiving Party must return all Covered
13 Information to the Producing Party or destroy such material. As used in this
14 subdivision, "all Covered Information" includes all copies, abstracts, compilations,
15 summaries, and any other format reproducing or capturing any of the Covered
16 Information. Whether the Covered Information is returned or destroyed, the
17 Receiving Party must submit a written certification to the Producing Party by the 60
18 day deadline that (1) identifies (by category, where appropriate) all the Covered
19 Information that was returned or destroyed and (2) affirms that the Receiving Party
20 has not retained any copies, abstracts, compilations, summaries or any other format
21 reproducing or capturing any of the Confidential Information.

22 **20. PROTECTIVE ORDER REMAINS IN FORCE.** This Protective Order
23 shall remain in force and effect until modified, superseded, or terminated by
24 consent of the Parties or by order of the Court made upon reasonable written notice.
25 Unless otherwise ordered or agreed upon by the parties, this Protective Order shall
26 survive the termination of this Action. The Court retains jurisdiction even after
27 termination of this Action to enforce this Protective Order and to make such
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 30364024.1

13

STIPULATED PROTECTIVE ORDER

amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

21.     **MODIFYING THIS ORDER.** Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court.  Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

Dated: 6/23/16

HONORABLE CHARLES F. EICK
U.S. MAGISTRATE JUDGE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 30364024.1

14          STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [insert date] in the case of *Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. CV15-08629 FMO (Ex). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed this ____ day of _____, 20___, at _____ [insert city and state where sworn and signed].

_____
Signature