UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8629 FMO (Ex) | Date | March 31, 2023 |
|---|---|---|---|
| Title | Alfred Salas, et al. v. Toyota Motor Sales, U.S.A., Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiffs:           Attorney Present for Defendants:
None Present                                None Present

**Proceedings:**     (In Chambers) Order Re: Pending Motions

Having reviewed all the briefing filed with respect to defendant's Motion for Partial Summary Judgment (Dkt. 147, "MSJ Motion"), and Motion to Decertify Class (Dkt. 151, "Decertify Motion"), the court finds that oral argument is not necessary to resolve the Motions, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**[1]

Alfred Salas ("Salas") and Gloria Ortega ("Ortega") (collectively, "plaintiffs"), filed this action, on behalf of themselves and all others similarly situated, against Toyota Motor Sales, U.S.A., Inc. ("Toyota" or "defendant"), and Toyota Motor Engineering and Manufacturing North America, Inc. on November 4, 2015. (See Dkt. 1, Complaint). On January 7, 2016, plaintiffs filed a First Amended Complaint ("FAC") (Dkt. 17, FAC), naming only Toyota and asserting claims for: (1) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (2) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (3) breach of implied warranty pursuant to California's Song-Beverly Consumer Warranty Act ("Song Beverly Act"), Cal. Civ. Code §§ 1792 & 1791.1, et seq.; (4) breach of implied warranty pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.; and (5) unjust enrichment. (See id. at ¶¶ 91-148).

On September 27, 2016, the court granted in part defendant's motion to dismiss, and dismissed with leave to amend the CRLA claim to the extent it sought equitable remedies, the UCL claim, and the unjust enrichment claim. (See Dkt. 38, Court's Order of September 27, 2016, at 26-27).

On October 21, 2016, plaintiffs filed the operative Second Amended Complaint ("SAC"),

---

[1] Capitalization, quotation marks, and emphasis in record citations may be altered without notation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8629 FMO (Ex) | Date | **March 31, 2023** |
|---|---|---|---|
| Title | **Alfred Salas, et al. v. Toyota Motor Sales, U.S.A., Inc., et al.** | | |

asserting the same claims but adding additional allegations relating to the equitable relief they seek in this case. (See Dkt. 52, SAC at ¶¶ 77-100). Plaintiffs allege that Toyota Camry XV50 model vehicles, which include model years 2012 through 2015, have a "uniform and widespread defect in the Heating, Ventilation, and Air Conditioning ('HVAC') system" that "cause[s], among other problems, emissions of noxious and foul odors from debris and contamination in the HVAC system, as well as possible growth of mold[.]" (Id. at ¶¶ 1-3, 51-52). "Owners of the affected vehicles have a reasonable expectation that normal and routine use of their vehicle's HVAC system will not result in exposure to noxious, foul odors or debris and contamination from their HVAC system." (Id. at ¶ 4).

On August 7, 2017, the court denied defendant's motion to dismiss the equitable claims. (See Dkt. 79, Court's Order of August 7, 2017, at 4). On September 29, 2017, the court granted in part and denied in part defendant's motion for summary judgment; the motion was granted with respect to Ortega's implied warranty claims, (see Dkt. 81, Court's Order of September 29, 2017 ("MSJ Order") at 9), and denied in all other respects. (Id.).

On March 27, 2019, the court granted in part plaintiffs' motion for class certification. (See Dkt. 101, Court's Order of March 27, 2019 ("Class Cert Order") at 27). The court certified the following Rule 23(b)(3) class: "(1) A California-only class consisting of all persons in California who purchased or leased a 2012-2015 Toyota Camry XV 50 model vehicle from an authorized Toyota dealer; (2) a California CLRA sub-class consisting of all members of the California class who are 'consumers' within the meaning of California Civil Code § 1761(d)." (Id.).

On May 24, 2022, the court granted in part defendant's motion to amend scheduling order, (Dkt. 140), which sought leave to extend the deadline for filing dispositive motions based on new Ninth Circuit authority. (See Dkt. 146, Court's Order of May 24, 2022, at 1-2). Specifically, the court permitted the filing of a second motion for summary judgment to address the effects of Hodsdon v. Mars, Inc., 891 F.3d 857 (9th Cir. 2018) and Sonner v. Premier Nutrition Corp., 971 F.3d 834 (9th Cir. 2020). (See id. at 2). The court also set a deadline for the filing of a motion to decertify. (See id.).

**DISCUSSION**[2]

I.      MOTION FOR PARTIAL SUMMARY JUDGMENT.

    A.      Hodsdon.

In connection with Toyota's motion to dismiss the FAC, the court noted that "[f]raudulent omissions are actionable under both the CLRA and the UCL[,]" (Dkt. 38, Court's Order of

---

[2] Because the court has set forth the allegations and facts of this case in prior orders, the court will address only the facts or allegations necessary to resolve these Motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8629 FMO (Ex) | Date | March 31, 2023 |
|---|---|---|---|
| Title | Alfred Salas, et al. v. Toyota Motor Sales, U.S.A., Inc., et al. | | |

September 27, 2016, at 11) (citing Daugherty v. Am. Honda Motor Co., Inc., 144 Cal.App.4th 824, 835 (2006); Daniel v. Ford Motor Co., 806 F.3d 1217, 1225 (9th Cir. 2015)), and that generally, "to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." (Id. at 11-12) (quoting Daugherty, 144 Cal.App.4th at 835). The court noted that "[t]here are four circumstances under which a duty to disclose may arise under California law: '(1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed.'" (Id. at 12) (quoting Collins v. eMachines, Inc., 202 Cal.App.4th 249, 255-56 (2011) (citing LiMandri v. Judkins, 52 Cal.App.4th 326, 336 (1997)). Materiality, which is required under the last three circumstances, requires a plaintiff to show that "had the omitted information been disclosed, one would have been aware of it and behaved differently." (Id.) (quoting Falk v. Gen. Motors Corp., 496 F.Supp.2d 1088, 1095 (N.D. Cal. 2007)). "Materiality is judged by the effect on a reasonable consumer." (Id.) (cleaned up); Consumer Advocates v. Echostar Satellite Corp., 113 Cal.App.4th 1351 (2003). Applying that framework, the court found that plaintiffs adequately alleged their omissions claims.[3] (See Dkt. 38, Court's Order of September 27, 2016, at 12-19).

Subsequent to the court's order, the Ninth Circuit decided Hodsdon, which interpreted California law regarding the test for determining whether a defendant has a duty to disclose in pure omissions cases. See 891 F.3d at 861-63. Under Hodsdon, in addition to showing materiality and a LiMandri factor, a plaintiff must show that the alleged defect is "central to the product's function[.]" Id. at 863 ("While Collins and Rutledge are somewhat vague about the test for determining whether a defendant has a duty to disclose, they sanction a UCL omission claim when: the plaintiff alleges that the omission was material; second, the plaintiff must plead that the defect was central to the product's function; and third, the plaintiff must allege one of the four LiMandri factors."); see, e.g., id. at 863 (determining that even though plaintiff alleged that the undisclosed information was "material to consumers" and that defendant had a duty to disclose under the second LiMandri prong, plaintiff failed to show a duty to disclose because he "omit[ted] a crucial element . . . that the defect . . . relate[s] to the central functionality of the product").

Relying on Hodsdon, Toyota contends that "[s]ummary judgment must be granted on Plaintiffs' CLRA, UCL, and unjust enrichment claims, which are based upon a failure to disclose, because there is no evidence that the purported defect affects the 'central function' of their vehicles by rendering them inoperable." (Dkt. 147-1, Joint Memorandum of Points and Authorities Re: Toyota Motor Sales, U.S.A., Inc.'s Motion for Partial Summary Judgment ("Joint Br.") at 14);

---

[3] The court rejected defendant's contentions that: (1) a duty to disclose arises only if the omitted information poses a safety issue, (see Dkt. 38, Court's Order of September 27, 2016, at 12-13); and (2) that plaintiffs failed to adequately allege a duty to disclose under the second and third circumstances outlined in LiMandri. (See id. at 17-20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8629 FMO (Ex) | Date | March 31, 2023 |
|---|---|---|---|
| Title | Alfred Salas, et al. v. Toyota Motor Sales, U.S.A., Inc., et al. | | |

(id. at 1) ("[P]laintiffs must produce evidence establishing that the purported defect affected each vehicle's central function – i.e., that the defect rendered their vehicles incapable of use."). However, Toyota's reading of Hodsdon is unpersuasive. As one court aptly put it: "[C]onsidered in context, [the 'incapable of use by any consumer'] language does not establish a condition that must be met to state a fraud-by-omission claim. Rather, the Ninth Circuit was shedding light on the types of defects that are central to a product's function by laying out a spectrum of alleged defects. On one end of the spectrum are cases that easily state a claim: defects that 'render[ ] the product incapable of use by any consumer.' On the other end – cases that do not state a fraud-by-omission claim – are those defects that are merely 'based on subjective preferences.'" Cepelak v. HP Inc., 2021 WL 5298022, *1 (N.D. Cal. 2021) (quoting Hodsdon, 891 F.3d at 864) (internal citations omitted). In other words, "[a]lthough a defect rendering a product incapable of use will relate to the product's central function, the converse is not necessarily true; that is, a defect relating to a product's central function will not always render the product incapable of use." Bettles v. Toyota Motor Corp., 2022 WL 1619337, *4 (C.D. Cal. 2022).

Thus, contrary to Toyota's argument, plaintiffs do not need to "produce evidence establishing a genuine issue of fact as to whether their vehicles were inoperable" in order to survive summary judgment. (See Dkt. 147-1, Joint Br. at 16). As with materiality, the court finds that whether the "HVAC odor undermines the central function of [the HVAC system or the] [c]lass [v]ehicles is a triable question of fact." Stockinger v. Toyota Motor Sales, U.S.A., Inc., 2020 WL 1289549, *7 (C.D. Cal. 2020); see also Bettles, 2022 WL 1619337, at *4 (finding at motion to dismiss stage that plaintiff had "adequately alleged that the defects in the HVAC system relate to a central function of the Vehicle").

      B.    Sonner.

Toyota contends that under Sonner, summary judgment is warranted as to plaintiffs' claims for equitable relief because they have not shown that "damages would not adequately compensate" them. (See Dkt. 147-1, Joint Br. at 28); (id. at 33). Specifically, Toyota seeks summary judgment as to plaintiffs' UCL, unjust enrichment, and CLRA-equitable relief claims. (See id. at 33).

In Sonner, the Ninth Circuit addressed whether "federal equitable principles independently apply to . . . equitable claims" or must a federal court "follow only the state law authorizing that equitable remedy[.]" 971 F.3d at 839. Noting that "[i]t has been a fundamental principle for well over a century that state law cannot expand or limit a federal court's equitable authority[,]" id. at 841, the court held that "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." Id. at 844; see id. at 845 ("Regardless of whether California authorizes its courts to award equitable restitution under the UCL and CLRA when a plain, adequate, and complete remedy exists at law, we hold that federal courts rely on federal equitable principles before allowing equitable restitution in such circumstances."). "Cases in this Circuit have held that Sonner extends to claims for injunctive relief." Huynh v. Quora, Inc., 508

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8629 FMO (Ex) | Date | **March 31, 2023** |
|---|---|---|---|
| Title | **Alfred Salas, et al. v. Toyota Motor Sales, U.S.A., Inc., et al.** | | |

F.Supp.3d 633, 662 (N.D. Cal. 2020) (collecting cases).

      Plaintiffs' arguments as to why they lack an adequate remedy at law, (see Dkt. 147-1, Joint Br. at 33-43), are unpersuasive.  First, with respect to plaintiffs' contention regarding the deprivation of "statutory penalties for lemon law violations" under the Song Beverly Act, (see id. at 38-39) (formatting omitted), there is no such claim in the operative complaint.[4]  (See, generally, Dkt. 52, SAC at ¶¶ 115-72).  Although plaintiffs have asserted an implied warranty claim under Song Beverly Act, (see id. at ¶¶ 147-54), civil penalties are not available for that claim.  See, e.g., Duff v. Jaguar Land Rover North America, LLC, 74 Cal.App.5th 491, 501 (2022) ("In the instant action, the only claim on which [plaintiff] prevailed at trial was the breach of implied warranty.  Accordingly, civil penalties were not available to him.").

      Second, plaintiffs contend that "monetary damages for past harm are not sufficient to redress future harm that only injunctive relief can provide under the UCL[.]"  (Dkt. 147-1, Joint Br. at 39).  However, plaintiffs' damages model takes into account that the HVAC Defect cannot be fixed, (Dkt. 88, Joint Brief Re: Plaintiffs' Motion for Class Certification ("Class Cert. JB") at 45); (see Dkt. 85-5, Exh. 37, Declaration of Susan K. Thompson at ¶ 9) ("The model I propose provides the average cost for the ongoing mitigation of foul odors due to the design defect which, as I understand Plaintiffs' theory, cannot be cured."), and calculates as "damages . . . the average costs of the repairs multiplied by the average estimated life of the vehicle which is estimated to be 10 years."  (Id.); (id., Exh. A, Expert Report of Susan K. Thompson at 4) ("To determine total damages to the Plaintiffs, the average costs of the repairs would be multiplied by the average estimated life of the vehicle which is estimated to be 10 years.").  Indeed, according to plaintiffs, their expert assumed that remediation of the HVAC Defect would be required annually based on Toyota's recommended maintenance of the HVAC system "using the various countermeasures."  (Dkt. 88, Class Cert. JB at 45-46).  Under the circumstances, plaintiffs have not shown that monetary damages are inadequate to redress future harm in this case.

      Finally, contrary to Toyota's request, the court declines to enter summary judgment in Toyota's favor as to plaintiffs' equitable relief claims.  Recently, the Ninth Circuit reiterated that "[i]n order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."  Guzman v. Polaris Industries Inc., 49 F.4th 1308, 1313-14 (9th Cir. 2022) (citing Sonner, 971 F.3d at 843-44).  Absent such equitable jurisdiction, a court cannot "make a merits determination" and "should not . . . grant[] summary judgment" in defendant's favor.  Id. at 1314-15.  Instead, the court must dismiss the equitable claims "without prejudice to refiling the same claim[s] in state court."

---

    [4] Presumably, the inability to obtain civil penalties would constitute an inadequate legal remedy given the differing purposes of civil penalties under the Song Beverly Act.  See, e.g., Anderson v. Ford Motor Co., 74 Cal.App.5th 946, 964-72 (2022) (holding that punitive damages under CLRA claim and civil penalties under Song Beverly Act not mutually exclusive when they stem from different conduct).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8629 FMO (Ex) | Date | March 31, 2023 |
|---|---|---|---|
| Title | Alfred Salas, et al. v. Toyota Motor Sales, U.S.A., Inc., et al. | | |

Id. at 1314. As Guzman explained, "[t]he possibility that federal and state courts would reach different results on the same claim is itself a consequence of Sonner's rule that federal courts sitting in diversity may exercise equitable jurisdiction only to the extent federal equitable principles allow them to do so. But where federal law bars [federal courts] from considering the merits of state-law claims, [federal courts] also lack authority to prevent state courts from doing so." Id. at 1315. Accordingly, the court will dismiss the UCL, unjust enrichment, and CLRA-equitable relief claims without prejudice.

II.     MOTION TO DECERTIFY CLASS.

In seeking decertification, Toyota contends that "[a]fter briefing closed on class certification, the Ninth Circuit issued several controlling decisions that make clear that this case cannot be tried or continue as a class action." (Dkt. 152-2, Joint Memorandum of Points and Authorities Re: Defendant Toyota Motor Sales, U.S.A., Inc.'s Motion for Class Certification ("Decert. Jt. Br.") at 1). Toyota's contentions are unpersuasive.

Pursuant to Rule 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." "The party seeking to maintain class certification bears the burden of demonstrating that the Rule 23 requirements are satisfied, even on a motion to decertify." Lambert v. Nutraceutical Corp., 870 F.3d 1170, 1182 (9th Cir. 2017), rev'd on other grounds in Nutraceutical Corp. v. Lambert, 139 S.Ct. 710 (2019) (reversing on the issue of the timeliness of petition for permission to appeal). Although not necessary, "decertification and modification should theoretically only take place after some change, unforeseen at the time of the class certification, that makes alteration of the initial certification decision necessary[.]" 3 Newberg on Class Actions § 7:34 (6th ed. 2022). Ultimately, whether to decertify a class is within the discretion of the court. See Leyva v. Medline Indus. Inc., 716 F.3d 510, 513 (9th Cir. 2013).

First, Toyota seeks decertification pursuant to Hodsdon. (See Dkt. 152-2, Decert. Jt. Br. at 1, 18-21). However, as the court concluded above, see supra at § I., Hodsdon does not require plaintiffs to produce evidence that their vehicles (or the HVAC systems) are inoperable. Thus, Hodsdon does not compel decertification. Second, Toyota contends that plaintiffs' equitable relief claims are not viable under Sonner. (See Dkt. 152-2, Decert. Jt. Br. at 2, 29-31). Based on the court's finding that plaintiffs have failed to show they lack an adequate remedy at law, which means that this court lacks equitable jurisdiction over such claims, the court will narrow the class definition to omit such claims.

Third, Toyota contends that the implied warranty claims should also be decertified. (See Dkt. 152-2, Decert. Jt. Br. at 2-3, 35-37, 39-40). However, Toyota's arguments are not based on Hodsdon, Sonner, or any controlling case law issued after the briefing on class certification. (See, generally, id.). Nor are they based on changed facts. (See, generally, id.). In any event, with respect to Toyota's argument that the implied warranty claims should be decertified by virtue of the court's summary judgment analysis, (see id. at 35-37), the court notes that the summary judgment order was issued on September 29, 2017, (Dkt. 81, Court's Order of September 29,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8629 FMO (Ex) | Date | **March 31, 2023** |
|---|---|---|---|
| Title | **Alfred Salas, et al. v. Toyota Motor Sales, U.S.A., Inc., et al.** | | |

2017), while the class certification order was issued on March 27, 2019, (Dkt. 101, Court's Order of March 27, 2019) – nearly 18 months later. The court was aware of its determination as to Ortega's implied warranty claims, which Toyota raised in connection with the class certification motion, (see id. at 19), and did not find that it undermined class certification. There is no basis to change that determination at this time. Similarly, with respect to Toyota's argument as to the "substantially certain" to arise requirement for implied warranty claims, (see Dkt. 152-2, Decert. Jt. Br. at 2, 36), the court previously explained that "[w]hile plaintiffs will need to prove that the HVAC Defect is substantially certain to result in the odors emanating from the HVAC system, the court is persuaded that this issue is susceptible to common classwide proof." (Dkt. 101, Class Cert. Order at 19).

Next, Toyota contends that Salas is not an adequate or typical class representative with respect to the implied warranty claims. (See Dkt. 152-2, Decert. Jt. Br. at 39-40). However, Toyota did not challenge the adequacy or typicality factors during the class certification process.[5] (See Dkt. 101, Class Cert Order at 10) ("Toyota did not challenge or otherwise oppose th[e typicality] factor."); (id. at 11) ("Again, defendant does not contest th[e adequacy] factor."). Nor did Toyota raise the argument (regarding Salas' implied warranty claims) in any motion to dismiss or motion for summary judgment. (See, generally, Dkt.). In any event, Toyota's eleventh hour contention is undeveloped as it consists of only two conclusory paragraphs light on the facts. (See Dkt. 152-2, Decert. Jt. Br. at 39-40). Toyota's conclusory and undeveloped argument is insufficient for the court to now make a finding that Salas does not have a viable implied warranty claim. See, e.g., Beasley v. Astrue, 2011 WL 1327130, *2 (W.D. Wash. 2011) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts."); Yamada v. Nobel Biocare Holding AG, 825 F.3d 536, 543 (9th Cir. 2016) (an "argument must be raised sufficiently for the trial court to rule on it"). As plaintiffs point out, Salas alleged that he purchased his vehicle from an authorized Toyota dealer, which "came with a standard 3 year/36,000 mile bumper-to-bumper warranty." (Dkt. 152-, Decert. Jt. Br. at 41); see, e.g., Kiluk v. Mercedes-Benz USA, LLC, 43 Cal.App.5th 334, 340 (2019) ("Mercedes Benz partnered with a dealership to sell used vehicles directly to the public by offering an express warranty as part of the sales package, which is a crucial incentive for buyers like plaintiff. By partnering with the dealership, Mercedes Benz stepped into the role of a retailer and was subject to the obligations of a retailer under section 1795.5."). Moreover, Toyota did not address plaintiffs' implied warranty claim under the Magnuson-Moss Warranty Act. (See, generally, Dkt. 152-2, Decert. Jt. Br. at 39-40).

Finally, Toyota seeks decertification based on its view that plaintiffs' trial plan is unmanageable, making them unable to satisfy Rule 23(b)(3)'s superiority factor. (See Dkt. 152-2, Decert. Jt. Br. at 41-43). However, because the parties' proposed trial plans, (see Dkt. 177-1,

---

[5] Along with Salas, Ortega was appointed as a class representative, except with respect to the implied warranty claims. (See Dkt. 101, Class Cert. Order at 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8629 FMO (Ex) | Date | March 31, 2023 |
|---|---|---|---|
| Title | Alfred Salas, et al. v. Toyota Motor Sales, U.S.A., Inc., et al. | | |

177-2), include claims that will be dismissed pursuant to Sonner, the court declines to decertify the class on this basis.[6]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Toyota's Motion for Partial Summary Judgment **(Document No. 147)** is **granted in part** and **denied in part** as follows. The UCL, unjust enrichment, and CLRA-equitable relief claims are **dismissed without prejudice** to refiling in state court. See Guzman, 49 F.4th at 14 (holding that pursuant to Sonner, district courts should dismiss equitable claims "without prejudice to refiling the same claim[s] in state court"). The Motion for Partial Summary Judgment is denied in all other respects.

2. Toyota's Motion to Decertify Class **(Document No. 151)** is **granted in part** and **denied in part**. The Motion is granted to the extent Toyota seeks modification of the Class to omit the equitable relief claims. The certified class will be narrowed to include only the remaining legal claims.[7] The Motion is denied in all other respects.

3. Plaintiffs' Request to Strike Toyota['s] Notice of Supplemental Authority [] **(Document No. 161)** is **denied as moot**.

4. Counsel shall attend a status conference to discuss the upcoming trial in this matter on **Thursday, April 27, 2023**, at **10:00 a.m.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |

---

[6] To the extent Toyota relies on its reading of Hodsdon, the motion is denied.

[7] The court has reviewed the Class Notice (see Dkt. 122, Court's Order of December 21, 2020, at Exhs. 1-2), which does not specify the claims at issue, with the exception of the CLRA subclass, and does not believe a revised class notice is required. However, to the extent the parties disagree, they shall notify the court.